Second Ave. 1355 Realty LLC v 1355 Second Owner LLC (2018 NY Slip Op 06191)





Second Ave. 1355 Realty LLC v 1355 Second Owner LLC


2018 NY Slip Op 06191


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Acosta, P.J., Sweeny, Manzanet-Daniels, Gesmer, Singh, JJ.


650507/16 7143A 7143

[*1] Second Ave. 1355 Realty LLC, Plaintiff-Appellant,
v
1355 Second Owner LLC, et al., Defendants-Respondents.


Malek Moss PLLC, New York (Kevin N. Malek of counsel), for appellant.
Stempel Bennett Claman & Hochberg, P.C., New York (Richard L. Claman of counsel), for 1355 Second Owner LLC and SL Green Realty Corp., respondents.
Fidelity National Law Group, New York (Joyce A. Davis of counsel), for Fidelity National Title Insurance Services LLC, respondent.



Orders, Supreme Court, New York County (O. Peter Sherwood, J.), entered May 26, 2017 and November 6, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' motions to dismiss the causes of action for breach of contract against defendant 1355 Second Owner LLC, breach of contract and of fiduciary duty against defendant Fidelity National Title Insurance Services LLC, and aiding and abetting breach of fiduciary duty against 1355 Second Owner and defendant SL Green Realty Corp., unanimously affirmed, with costs.
Plaintiff alleges that defendant 1355 Second Owner LLC (the buyer) breached the agreement pursuant to which it would purchase from plaintiff a multi-use building in Manhattan. Plaintiff concedes that it failed to meet the condition precedent that it deliver the building "vacant, free of all residential tenancies and occupancies," which would relieve the buyer of its duty to close on the purchase (see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co. , 86 NY2d 685, 693 [1995]), but argues that the buyer waived the condition precedent.
The documentary evidence conclusively establishes that there was no waiver of the condition precedent (see Jacoby & Meyers v Crispi , 205 AD2d 312, 313 [1st Dept 1994]). The agreement required that any waiver be express and in writing. The January 6, 2016 letter and January 7, 2016 email written by buyer's counsel on which plaintiff relies do not mention either waiver or the vacancy condition precedent. Indeed, they do not appear to address these issues at all. They focus on a dispute over a different but related provision of the agreement, which obligated plaintiff to use its best efforts to bring about the fulfillment of the condition precedent.
Given the dismissal of the contract claim against the buyer, plaintiff's claim against the escrow agent (National Fidelity) for releasing the deposit to the buyer was limited to the contractual reimbursement amount of $70,000. That amount having been paid, the court correctly dismissed the breach of contract
and fiduciary duty claims against the escrow agent and the aiding and abetting breach of fiduciary duty claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK